

**FILED**

MAY 29 2018

U.S. BANKRUPTCY COURT
BY_____ DEPUTY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 15-10328-TMD |
| CD3, INC., | § § | |
| DEBTOR. | § § § | CHAPTER 7 |
| | § | |
| RON SATIJA, CHAPTER 7 TRUSTEE, | § § | |
| Plaintiff, | § § | |
| v. | § § | ADV. NO. 18-01018-TMD |
| RONCO HOLDINGS, INC, *et al.* | § § | |
| Defendants. | § | |

**ANSWER & AFFIRMATIVE DEFENSES**
**OF Ronald Hunt**

TO THE HONORABLE TONY M. DAVIS,
U.S. BANKRUPTCY JUDGE:

COMES NOW Ronald Hunt ("**Hunt**") and files his Answer and Affirmative Defenses to Plaintiffs' Complaint (the "**Complaint**"), and would respectfully show this Court as follows:

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. With respect to the allegations in Paragraph 3 of the Complaint, Defendant admits that Plaintiff is the duly appointed Chapter 7 trustee for the bankruptcy estate of CD3, Inc. Defendant denies that he breached the settlement agreement and denies the summary allegations regarding the underlying adversary proceeding that was the basis of the settlement agreement.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. With respect to the allegations in Paragraph 6 of the Complaint, Defendant admits that he is an officer and director of Ronco Holdings, Inc. and was an officer of Debtor. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint to the extent they summarize the Debtor's Statement of Financial Affairs and the Debtor's Schedules. Defendant is without sufficient knowledge to admit or deny the Trustee's conclusions.

10. With respect to the allegations contained in Paragraph 10 of the Complaint, Defendant admits the allegations in Paragraph 10 of the Complaint to the extent they summarize the Debtor's Statement of Financial Affairs and the Debtor's Schedules. With respect to the allegations contained in Paragraph 10 of the Complaint regarding the Bill of Sale, Defendant avers that the Bill of Sale speaks for itself and denies any summary of its terms inconsistent with its provisions. Defendant represents that the assets of Debtor so transferred consisted entirely of furniture, fixtures, and equipment ("FFE") with a depreciated "book value" of the amount recited in the Bill of Sale, but had a "market value" of near zero to any third-party, a fact clearly known to the Trustee who is in the business of selling such assets.

11. With respect to the allegations contained in Paragraph 11 of the Complaint, Defendant denies any transactional irregularities or statutory violations in the issuance of the Subordinated Promissory Note for an amount in excess of the transferred assets' market value, and represents that at the time the transfer of the FFE to Ronco Holdings, Inc., the Debtor had a Senior Secured Note Payable outstanding to Ronco Holdings, Inc. in a principal amount in excess of $2 million which was paid in cash to Debtor by multiple advances from 2011 to 2012

(the "Senior Note"), and the amount of the consideration paid for the Assets transferred by Debtor, and represented by the Subordinated Promissory Note, could have legitimately been simply offset against the outstanding principal amount due under the Senior Note at the time of the transfer. This fact was communicated to Trustee as part of the interaction between Debtor and Trustee prior to the filing of the adversary proceeding.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. With respect to the allegations contained in Paragraph 14 of the Complaint, Defendant avers that the settlement agreement speaks for itself and denies any summary of its terms inconsistent with its provisions.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. With respect to the allegations contained in Paragraph 16 of the Complaint, Defendant avers that the settlement agreement speaks for itself and denies any summary of its terms inconsistent with its provisions.

17. With respect to the allegations contained in Paragraph 17 of the Complaint, on January 24, 2017, Trustee's lawyer advised Defendant, "The trustee estimates that one additional payment of $2,498.71 will enable him to wrap up administering the estate. Please let me know when we can expect the payment to be made." And further advised Defendant on January 26, 2017, "Once the trustee receives the payment, he will authorize me to file a final fee app. About twenty-five days after that fee app is filed, the trustee will likely be able to begin preparing his final report, which will break down all of the costs etc.", and on February 20, 2017, advised Defendant, the check for the requested $2,498.71 was received by the Trustee. On April 5, 2017, after having no further communication from the Trustee or his lawyer, Defendant asked for a

Final Accounting in the case. Only after the April 5 email to Trustee's lawyer was a late-filed claim tendered to the Trustee by the Texas Comptroller of Public Accounts. Therefore, there is no reason all allowed secured and unsecured claims in the CD3, Inc. bankruptcy case were not paid, and the administration of the estate closed prior to a late-filed claim by the Texas Comptroller of Public Accounts.

18. With respect to the allegations contained in Paragraph 18 of the Complaint, as noted in Paragraph 17 above, the $17,498.71 in payments by the Defendants were fully received well in advance of the April 7, 2017 claim being filed by the Texas Comptroller of Public Accounts.

19. With respect to the allegations contained in Paragraph 19 of the Complaint, on May 16, 2017, Trustee's lawyer informed Defendant that on May 7, 2017, Trustee had objected to the late-claim filed by the Texas Comptroller of Public Accounts. Then on May 16, 2017, Defendant provided Trustee with email verification that Debtor sold no goods in Texas during the period for which the Texas Comptroller of Public Accounts based the sales taxes in its late-filed claim. In fact, on April 12, 2017, Defendant advised Trustee's lawyer that the address used for Debtor in documents provided by Texas Comptroller of Public Accounts in support the late-filing, was used exclusively by Ronco Holdings, Inc. and further confirmed the sales taxes due per the late-filed claim, if any, were not Debtor's liability -- and therefore, the late-filed claim should not be allowed (i) on the basis of both the failure to file within the statutory period, and (ii) on the basis that Debtor did not owe the sales taxes.

20. No response is required to Paragraph 20 of the Complaint.

21. With respect to Paragraph 21 of the Complaint, Defendant incorporates his response to Paragraphs 1 through 20.

36. No response is required to Paragraph 36 of the Complaint. Defendant denies that Plaintiff is entitled to the relief requested.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. With respect to Paragraph 39 of the Complaint, Defendant incorporates his response to Paragraphs 1 through 38.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. With respect to Paragraph 42 of the Complaint, Defendant incorporates his response to Paragraphs 1 through 41.

43. No response is required to Paragraph 43 of the Complaint. Defendant denies that Plaintiff is entitled to the relief requested.

44. With respect to Paragraph 44 of the Complaint, Defendant incorporates his response to Paragraphs 1 through 43.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. With respect to Paragraph 46 of the Complaint, Defendant incorporates his response to Paragraphs 1 through 45.

47. Defendant admits that Plaintiff has engaged Graves, Dougherty, Hearon & Moody, P.C. ("GDHM"), and has agreed to pay GDHM for services in this action. Defendant denies the remaining allegations in Paragraph 47 of the Complaint.

## **AFFIRMATIVE DEFENSES**

48. Plaintiff's claims are barred by applicable statutes of limitations.

49. Plaintiff's claims are barred by settlement and release.

50. Plaintiff's claims are barred by a prior material breach of contract by Plaintiff.

51. Plaintiff's damages were proximately caused by Plaintiff's own acts or omissions.

52. Plaintiffs' claims are barred by waiver and estoppel.

## VII.
## PRAYER

WHEREFORE, Defendant Ronald Hunt requests that Plaintiff take nothing on his claims, and that the Court grant Defendant such other and further relief to which he may be justly entitled.

Respectfully submitted,

Ronald Hunt, *Pro Se*
221 Buckbend
Georgetown, Texas 78628
(512) 995-1780

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2018, a copy of the foregoing was served, via the Court's CM/ECF system, to the following:

Brian Talbot Cumings
Graves Dougherty Hearon & Moody, PC
401 Congress Ave
Suite 2200
Austin, TX 78701
512-480-5626
Fax : 512-536-9926
Email: bcumings@gdhm.com

Kell C. Mercer
Kell C. Mercer, PC
1602 E. Cesar Chavez Street
Austin, Texas 78702
Kell.mercer@mercer-law-pc.com
(512) 627-3512
(512) 597-0767 (fax)

*[signature]*

_____
Ronald Hunt